THE STATE OF MISSOURI, Appellant, *v.* PHILIP HOLDEN, Respondent.

| 48 | 93 |
| 36a | 381 |

1. *Practice, criminal — Perjury — Indictment for, must show what — Materiality of testimony.* — Every indictment must contain sufficient allegations to show upon its face that an offense was committed; and in charging perjury it is essential to show that the oath was taken in a material matter. Its materiality must appear from facts set forth in the pleading, and it is not sufficient simply to say that it was material to the issues, without advising the court what those issues were, or what questions arose under them, that it may be seen whether the testimony was material or not.

*Appeal from Scott County Circuit Court.*

*A. J. Baker,* Attorney-General, *L. H. Davis* and *L. Brown,* for appellant.

I. The allegation of false swearing against the defendant in the indictment is not too general and indefinite. It is stated with sufficient certainty and particularity. It states that the "evidence was material to the issue at said trial." This is sufficient, and it is not necessary to show how it was material. Neither is it necessary that the record should show that the false oath was material. (Whart. Crim. Law, § 2263 ; Campbell v. People, 8 Wend. 636.) If the allegation had been so framed as to have implied materiality only, it would be sufficient. (Whart. Crim. Law, § 2263 ; 1 Tenn. 69 ; 5 Tenn. 318 ; Campbell v. People, *supra,* and cases cited; Hinch v. State, 2 Mo. 158.) It is not necessary to allege all the circumstances which go to make such materiality. (State v. Mumford, 1 Dev. 519.)

II. It is a rule of pleading that inferences and conclusions of the law, or matters of which judicial notice must be taken, need not be averred. (Gen. Stat. 1865, p. 661, § 39.) And it is not necessary, in indictments of this nature, to set forth any part of the record, proceeding or process. (Gen. Stat. 1865, p. 800, § 7.)

III. "No indictment shall be deemed invalid, nor shall the trial * * * be stayed * * or in any manner affected * * * for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendants upon the merits." (Gen. Stat. 1865, p. 841, § 27.)

*Houck, Waterbury & Collier,* for respondent.

It is necessary, in order to constitute the crime of perjury, that the false testimony should have reference and application to some material issue or inquiry, in order to be itself material matter. (State v. Bailey, 34 Mo. 352 ; Hinch v. State, 2 Mo. 159.) It nowhere appears in the indictment that upon " a certain trial it became and was a material question," etc., which averment is required by the law. (Whart. Crim. Law, § 2263, and note ; Whart. Crim. Prac. 577.)

BLISS, Judge, delivered the opinion of the court.

The indictment charges that in a certain action, etc., giving the court and parties, " certain issues were therein joined in said court between said parties, and said issues came on to be tried, * * * and that, upon said trial, the said Philip Holden was duly sworn as a witness by the clerk of said court (said clerk then and there having competent authority to administer said oath), to speak the truth, the whole truth, and nothing but the truth in the said cause, touching the matters then and there in issue on said trial ; that thereupon the said Holden did swear and testify in substance as follows : [giving the testimony] ; that said evidence was material to the issues at said trial," etc. Then follow other proper averments, but none other are made in relation to the materiality of the testimony, and no facts are stated showing such materiality. The indictment was quashed, and the State appeals.

The indictment is radically defective. There is no general allegation that it became material to establish certain facts, or that certain material questions arose upon the trial ; nor is the suit or its issues sufficiently described to enable us to judge of the character of the testimony. Its materiality must appear from facts set forth in the pleading, and it is not sufficient simply to say that it was material. If the pleader had stated what question arose, or what was necessary to be proved upon the trial of the case, the court would be enabled to see whether the testimony alleged to have been falsely given was material or not.

As it is, we have only the opinion of the pleader without knowing upon what he bases it. It was formerly deemed necessary to set out in detail the proceeding in the progress of which the perjury was charged to have been committed, but it has long been held to be sufficient to state generally the materiality of the question raised by the issues concerning which the testimony of the accused was given, or the materiality of the affidavit which he made. Thus, if he is charged with perjury in testifying upon the stand, the indictment, after naming the cause, the court in which it was being tried, the taking the oath and the authority of the person who administers it, should allege that upon said trial it became material to inquire whether, etc., or certain questions became and were material in substance as follows, etc., stating what the inquiries or questions were; and then, when the alleged false testimony is set out, it can be seen whether it bears upon the material questions. If so, so far as this point is concerned, the indictment charges an offense; otherwise not. (Whart. Crim. Prac., 2d ed., 577, note e; 2 Chit. Crim. Law, 307.)

Our statute dispenses with certain formalities in criminal pleading, but not with substance, and every indictment must contain sufficient allegations to show upon its face that an offense has been committed; and in charging perjury it is essential to show that the oath was taken in a material matter. Unless the necessary preliminary averments are made by way of inducement, assignment of perjury is unintelligible; and it is not sufficient to say, after setting forth the testimony alleged to be false, "that this evidence was material to the issues," without advising the court what those issues were, or what questions arose under them, that it might be seen whether the testimony was material or not.

None of the authorities cited by counsel justify this form of indictment, and no precedent can be found that gives it any countenance. The pleader has confounded the sufficiency of a general allegation of the materiality of the questions raised by the issues concerning which the perjury is charged, with that of a simple statement that the testimony charged as false was material. He may have been misled by a rather loose remark in 2 Whart. Crim. Law, § 2263, 5th ed., that "it is sufficient to charge

generally that the false oath was material upon the trial of the issue upon which it was taken," etc. The author does not intend to sustain an averment like the one under consideration, nor do the authorities to which he refers sustain it. In The State v. Mumford, 1 Dev. 519, there was a regular preliminary averment of the materiality of the question concerning which the oath was taken, without going into particulars, upon which Taylor, C. J., remarks: "It is laid down as a rule, which I find nowhere controverted, that it should appear on the face of the indictment that the oath taken was material to the question depending, not by setting forth the circumstances which render it so in describing the proceedings of a former trial, but by a general allegation that the particular question became material." And Russell (2 Russ. Crimes, 639), to whom reference is also made, says: "It seems to be fully settled that either it must appear upon the indictment that the matter in respect of which the perjury is assigned was material, or it must be expressly alleged to have been so."

Judgment affirmed. The other judges concur.