.Franz v. Dietrick.

CHARLES FRANZ, Plaintiff in Error, *v.* JACOB DIETRICK, Defendant in Error.

1. *Referee — Additional testimony.*—When a case is referred back to a referee after report filed, to re-state an account, the hearing of additional testimony is a matter resting very much in his discretion.
2. *Referee, report of — Appeal — Evidence, weight of.*—The report of a referee in stating an account is equivalent to a special verdict, and will not be disturbed on appeal, as being against the weight of evidence.

*Error to Cape Girardeau Circuit Court.*

*Lewis Brown*, for plaintiff in error.

*James Houck*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was a suit for the purpose of obtaining a dissolution of a copartnership, and for an adjustment and statement of a partnership account. When the case came up for hearing the court referred the matter to a referee, to hear and report the testimony and state. the account between the parties. The referee, after hearing the evidence and examining the books and vouchers submitted to him, made his report, in which he found a balance of $236.66⅔ due the defendant. Upon the coming in of this report, the plaintiff filed his exceptions to the same, and the exceptions were sustained. The court then ordered that the books, papers and vouchers, together with the report, should be again referred back to the same person as referee, with directions to make another report, and again state an account of all the partnership business and transactions between the parties.

The referee, when the case was before him the second time, proceeded to re-examine it upon the papers, and heard one additional witness for the defendant, and then made up his report, finding a balance of $188.12 in favor of the defendant. This report was accompanied by the proofs in the case.

The only objection that was made by the plaintiff to the second report was that the referee was not authorized when the matter was lastly submitted to him to hear any additional evidence. This objection was overruled, and the court adopted and confirmed the report and gave judgment for the defendant accordingly.

We do not think there was any such error in the action of the referee in admitting the additional evidence as would authorize us to interfere. It was a matter resting very much in his discretion. The plaintiff's counsel was present and cross-examined the witness, and made no objection to his giving evidence. Had the plaintiff desired to introduce any witnesses on his part, it would have been the duty of the referee to have admitted them. As the report of the referee stands in the attitude of a special verdict, we will not undertake to go into an examination of the weight of evidence, but will presume that the decision on the finding of facts was correct. We have examined this involved and confused record throughout, and find nothing demanding our revision.

Judgment affirmed. The other judges concur.