LENA GIMBEL, Respondent, *vs.* ELIZA PIGNERO, *et al.*, Appellants.

1. *Referee—Report of, equivalent to special verdict—Finding of fact in chancery proceedings.*—The report of a referee stands as the verdict of a jury, and where there is any evidence to sustain it, the Supreme Court will adopt the same rule as to interference with his finding of facts. And even where the proceeding is in chancery, while this court has the right to weigh the testimony, if it be oral, the determination of questions of fact will be left in great measure to his discretion.

2. *Deed of trust—Debt—Presumption as to ownership.—Prima facie* a debt secured by deed of trust, belongs to the beneficiary therein named, and the presumption can only be overcome by the clearest proof.

3. *Practice, civil—Defect of parties—Waiver of.*—Under the present practice act (Wagn. Stat., 1014, § 6; Id., p. 1015, § 10) defect of parties can only be taken advantage of by a demurrer or answer. If not, it will be considered as waived.

*Appeal from St. Louis Circuit Court.*

*Fisher & Rowell, with Pogue & Pignero,* for Appellants.

*J. D. Brooks,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity, brought for the purpose of setting aside the entry of satisfaction on the margin of a deed of trust for $2,000 and interest, made by P. A. Pignero in his lifetime, and Eliza, his wife, to Carl Gimbel, now deceased, as trustee for Lena Gimbel, the plaintiff. The plaintiff claims that the entry of satisfaction made by Sternberg, one of the defendants, as administrator of Carl Gimbel, deceased, was fraudulent; that the administrator had no right to collect the money; that he, by falsely and fraudulently representing to Pignero that the probate court had ordered him to collect the money, induced Pignero to pay the same, and the prayer was, that the entry of satisfaction might be declared fraudulent, and that it should be cancelled, and that the sheriff should be ordered to carry out the provisions of the trust.

The defendant Sternberg admitted that the money was paid to him by Pignero, but averred that the deed of trust

and notes belonged to Carl Gimbel; that the trust deed was made in the name of the plaintiff under a mutual arrangement; that, as administrator of Carl Gimbel, deceased, he collected the money; that as such administrator he had entered satisfaction on the record, and that the money, for which the deed of trust was made, belonged to the estate of Gimbel, deceased, and not the plaintiff.

In the court below the case was submitted to a referee, to hear the testimony and render a decision thereon. He made his report of the evidence, and then gave his conclusion in favor of the plaintiff. Upon exceptions, this report was set aside, on the ground that he had improperly admitted the testimony of the plaintiff, the court being of the opinion that she was an incompetent witness.

By the consent of the parties the case was then submitted to the court, upon the evidence reported by the referee, with the testimony of the plaintiff stricken out, and the court then confirmed the decision of the referee, and gave judgment as prayed for in the petition.

The facts as they appear are, that Carl Gimbel, deceased, and trustee in the deed of trust, was the father of the plaintiff, Lena, and he retained the deed and notes in his possession till some time prior to his death, when they were given to his wife, Lena's mother. Mrs. Gimbel testifies that, when Carl gave her the note and deed, he told her to keep them till Lena called for them. Carl Gimbel, at the time of his death, resided in Illinois, and Sternberg took out letters of administration on his estate in this State. Sternberg never had possession of the note claimed by Lena, nor of the deed of trust. But they were both in her possession, and, whilst they were so in her possession, he induced Pignero to pay the amount due to him, and thereupon he entered a release upon the margin of the record as follows: " I, the undersigned, administrator of the estate of Charles Gimbel, the assignee of the *cestui que trust* in the deed of trust recorded on this page, and executed by Prospero A. Pignero and wife, do hereby

acknowledge to have received full satisfaction of said deed of trust, and I do forever release the premises and property herein conveyed, from all lien on account of said conveyance. Witness, my hand and seal, this 6th of April, 1872. Bernard N. Sternberg, Administrator of Charles Gimbel, deceased. [Seal.]"

This release sets out with the false statement, that Charles Gimbel was the assignee of the *cestui que trust*, when no such assignment was ever made, and there is nothing to show that Sternberg had the least reason to believe that there was ever any such assignment. The irresistible conclusion is, that he deemed it was necessary to produce that impression in order to obtain the money, but it is unaccountable that Pignero should have paid him the money under such circumstances, when there was no evidence whatever to show the fact represented, and when Sternberg did not have the notes or deed in his possession. If, however, the truth is, that he was the victim of Sternberg, it does not follow that Lena's rights should be sacrificed to compensate for his credulity. There is nothing to show that Sternberg ever acquired any right to collect the note, or to release the lien created by the trust.

It is claimed that the money loaned to Pignero belonged to Carl Gimbel, the trustee, and that he was in fact the real owner. Upon this question, there was some contradiction in the evidence. There was evidence on the part of the plaintiff, going to show, that she made the money as music teacher and gave it to her father, and he invested it for her; and there was evidence of a contrary character.

The referee found in favor of the plaintiff, and he had opportunities for judging of the credibility of the witnesses, which we have not. The report of a referee stands as the verdict of a jury, and where there is any evidence to sustain it, we will suppose that the whole evidence was properly weighed and the requisite effect given to it. (Western, etc. vs. Kribben, 48 Mo., 37; Franz vs. Dietrick, 49 Mo., 95.)

Gimbel v. Pignero, et al.

As this is a chancery proceeding, we have the right to examine and pass upon the testimony; but as the evidence was oral, the referee was much more competent, than we can be, to place an estimate upon its comparative weight. We think the fact, that the note and deed of trust were permitted to remain with the trustee during his life time, is of little importance. This is nothing more than what would ordinarily take place with a daughter having full confidence in her father. According to the testimony of the mother, the father, previous to his death, delivered the papers to her with directions to give them to the plaintiff, showing very plainly that in keeping them he was simply a custodian. This evidence, in our opinion, is not impaired by any that was given on the other side. But the deed itself makes out a *prima facie* case, that the plaintiff was the beneficiary and the real party in interest; that the debt belonged to her, and that her father held the title only as her trustee. The presumption in favor of such being the fact is established by the instrument, and this presumption could only be overcome by the clearest proof. The evidence on the part of the defense to show that the money really belonged to the father, instead of the daughter, would have to not only outweigh the strong *prima facie* case made by the deed, but in addition, it would have to entirely rebut the evidence given on the part of the plaintiff. An examination of the evidence abundantly convinces us, that the defendants utterly failed to supply any such proofs. Upon the evidence, we entertain no doubt of the correctness of the decree.

An objection is urged that there is a defect of parties to the record, but the objection was not made either by demurrer or answer, as the practice act requires, and it must now be considered as waived. (Wagn. Stat., 1014–15, §§ 6–10; Horstkotte vs. Menier, 50 Mo., 158.)

Wherefore, the judgment should be affirmed. Judges Napton and Sherwood concur. Judges Vories and Hough absent.