THE FATHER MATTHEW YOUNG MEN'S TOTAL ABSTINENCE AND BENEVOLENT SOCIETY v. FITZWILLIAMS *et al.*, *Appellants.*

1. **Referee.** The report of a referee will not be disturbed as being against the weight of evidence where there is substantial evidence to support it.

2. **Estoppel.** The obligors in a bond are estopped to deny the corporate existence of the body to whom it was given.

8. **Reference.** A reference properly made does not become erroneous *ex post facto*, by reason of admissions against interest made by the party objecting to the reference, which render an examination of accounts unnecessary.

4. **Sureties.** Sureties on the bond of the treasurer of a society are liable for a default in payment of moneys coming into the hands of the treasurer, as such.

5. ————: **EVIDENCE.** The treasurer's statement made in accordance with his duty and during the period covered by the bond, but after his removal for misconduct, is competent against his sureties and is *prima facie* evidence of the facts therein stated.

6. **Practice in Appellate Court.** If it does not appear that the appellant could have been prejudiced thereby, the admission of incompetent testimony is not sufficient ground for a reversal of the judgment.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Walker & Walker* for appellants.

*G. A. Castleman* for respondent.

EWING, C.—John J. Fitzwilliams was the treasurer of the plaintiff, and the other defendants were his securities on his bond as such treasurer. The suit was on the bond for alleged breaches thereof. There was a referee appointed under the statute, against the objection of defendants, on whose report judgment was entered, as upon a special verdict, for plaintiff, from which the defendants appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed. The defendants bring the case here by appeal.

We have critically examined the record, the report of the referee, and the briefs of counsel, and must con-

* These syllabi are taken from 12 Mo. App. 445.

fess we see no cause for a reversal of this judgment. The elaborate and exhaustive opinion of Bakewell, J., 12 Mo. App. 445, we think covers all the ground, and shows very clearly that the judgment of the circuit court was correct ; we, therefore, adopt that opinion as our own and affirm the judgment of the court of appeals. All concur.