CARR, *Appellant*, v. MOSS.

1. **Pleading, Amendment of.** The refusal of the trial court in this case, to permit plaintiff, before final judgment, to amend his petition in order to conform it to the proofs, held to be error.

2. ——: ——. The code in relation to amendment of pleadings is liberal, and the courts in relation to the same should at least be as liberal as the statute.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED.

| 87 | 447 |
| 35a | 607 |
| 87 | 447 |
| 36a | 567 |
| 36a | 705 |
| 37a | 242 |
| 38a | 657 |
| 87 | 447 |
| 112 | 388 |
| 87 | 447 |
| 56a | 282 |
| 87 | 447 |
| 127 | 269 |
| 87 | 447 |
| 147 | 294 |
| 87 | 447 |
| 101a [1] | 20 |

*Collier & Kemp* for appellant.

(1) The motion to conform the pleadings to the proof should have been sustained. R. S., secs. 3565, 6, 7; *Bennett v. McCause*, 65 Mo. 194; *Turner v. Ry.*, 51 Mo. 501; *Fisher v. Max*, 49 Mo. 404; *Harkness v. Julian*, 53 Mo. 238; *Wells v. Sharp*, 57 Mo. 56. (2) The court erred in its finding as to the amount of indebtedness from Carr to Moss.

*Frank Sheets* and *H. C. McDougal* for respondent.

HENRY, C. J.—In this suit, commenced in the Livingston circuit court, plaintiff asks to redeem certain lands by him conveyed to defendant, as security for moneys advanced by the latter to him, and for a settlement of accounts between them. Lewis A. Chapman was appointed a referee to take the testimony and make his report thereon to the court. At the May term, 1881, of said court, the court made a decree, finding that a warranty deed, dated January 27, 1874, made by plaintiff to defendant for lands therein described, was, in fact, a mortgage to secure to defendant the payment of such amount as should, on a final settlement between plaintiff and defendant, be found due to the latter, and it was also decreed, that, on the payment of such amount, so found to be due to him, he should re-convey the said lands to plaintiff, free of all incumbrances done or suffered by him, etc., and the referee was further ordered to find the facts as to all incumbrances placed by defendant on said lands, and make report of the same, and that the court might be more fully advised as to the state of the account between the parties, the referee was further ordered, by consent of the parties, to take the account between them, and to

use, the evidence already taken, and such additional evidence as they might offer, and make a report at as early a day as practicable.

Afterwards, at the January term of said court, 1882, on the thirty-first day of January, plaintiff asked leave, by motion, to amend his petition so as to make it conform to the proofs, which was overruled, and, at the May [term, 1882, of said court, a final judgment was rendered in said cause, finding that plaintiff was indebted to defendant in the sum of $1925.79, etc.

Section 3567 provides : "The court may, at any time, before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, or entry, * * * when the amendment does not change substantially the claim or defence, by conforming the pleadings or proceedings to the facts proved." And even, "after final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend, in affirmance of such judgment, any record, pleading, etc., by adding or striking out the name of a party, or a mistake in any other respect, or by rectifying defects or imperfections in matters of form." Section 3570. It is left discretionary with the court whether, after an answer thereto is filed, the plaintiff may amend his petition. Before answer is filed, he amend it, of course. Sec. 3571. The other sections, above quoted, authorize the court, of its own motion, to make the amendments therein specified. When the application was made by plaintiff to amend the petition, no final judgment had been rendered. Testimony had been taken, but the court ordered the referee to take none, and before additional evidence was taken by him, the plaintiff made his application to amend his petition to make it conform to the facts proved. The grounds stated in the motion show that they were not frivolous, but that they went to the merits

of the controversy. The statute in relation to amendments is liberal, and the courts should be, at least, as lenient and liberal, in such matters, as the statute.

We are not disposed to interfere with trial courts in the exercise of the discretion with which the statute has invested them, except where there has been a manifest abuse of that discretion, and where, before final judgment, an amendment of a petition is asked, in order that the plaintiffs may have such redress as the proof taken may show him entitled to, we think it an abuse of the discretion given to the court to refuse it. *Anderson, Adm'r, v. Hance,* 49 Mo. 159. We are not to be understood as reflecting upon the circuit judge, who acted; no doubt, as he thought his duty required, but we entertain a different opinion of his duty from that which seems to have influenced his action. The application for leave to amend was not asked after the trial was closed, but during the progress of the trial, before the testimony was all taken, and before the referee commenced to take any testimony, under the second order of the court.

An examination of the evidence has not satisfied us that, on the pleadings and evidence, there was error in the finding, but only raised a doubt on that subject, and, as we shall reverse the judgment and remand the cause, would suggest another reference on the proofs already taken, after the amendment is made. Judgment reversed and cause remanded.