SINGER MANUFACTURING COMPANY, Respondent, v.
S. C. GIVENS *et al.*, Appellants.

Kansas City Court of Appeals, April 15, 1889.

1. **Pleading**: AMENDMENTS MUST BE IN TIME, OR SUBJECT TO THE DISCRETION OF THE COURT. In an action on a penal bond, the the principal, among other things, pleaded false representations to his co-defendants ( his sureties ) by the obligee's agent ; the sureties set up other matters, not mentioning the representations even in their answer. Plaintiff filed replications to the answers and the court sent the case to a referee. The defendants filed exceptions to the report of the referee which were overruled by the court and the defendant sureties asked leave to file an amended answer setting up that they had been induced to sign the bond by the false and fraudulent representations of the plaintiff, which the court refused to permit. *Held :—*

   (1) The proposal to file such amendment was certainly untimely.

   (2) That it substantially changed the defense.

   (3) That the negligence of the defendants in this regard. was such as properly enough to have precluded them from successfully invoking the favorable exercise of the discretionary power of the circuit court in their behalf.

   (4) This court is not satisfied that there is any abuse of the court's power in this respect.

2. **Appellate Practice**: POWER OF APPELLATE COURT TO CORRECT REFEREE'S FINDINGS. Though the referee report the evidence taken by him, this court cannot review such evidence and correct his findings.; such findings are equivalent to a special verdict and this court cannot interfere therewith if there is any evidence to support it.

3. ———— : WHEN ABSTRACT OF THE RECORD SHOULD CONTAIN ALL MATERIAL EVIDENCE. If a party desires this court to review the evidence in an action of this sort with a view of determining whether the finding of the referee is against it, he should present an abstract setting forth the substance of all or so much thereof as is material.

Singer Manufacturing Co. v. Givens.

4. **Practice**: WHAT EXCEPTIONS TO FINDING OF REFEREE SHOULD SHOW. Exceptions to the report of a referee should show in what respect his finding is against the law, and in what respect it is against the evidence or they will be disregarded.

5. ———: UNRESPONSIVE FINDING. While a finding on some points of fact may not be responsive to the pleading, yet if it does not affect substantial rights of the parties, the trial court may properly disregard it.

6. ———: INCOMPETENT EVIDENCE THAT IS CUMULATIVE IS NOT FATAL, WHEN. The objection to the admission of a witness in the case on the ground that he testified from certain improper *memoranda held* not well grounded, yet if such objection was well taken, the evidence was cumulative and there was unchallenged testimony, ample and sufficient, to establish defendant's liability, and they were not injured by its admission.

*Appeal from the Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*James W. Coburn, Kyle, Smith* and *Rose,* for appellants.

(1) The witness, McIntyre, testified from a sheet he claimed to have transcribed from the respondent's books at St. Louis, the books not being present, and from the reports of the sub-agents of respondent, the witness disclaiming any knowledge of their contents other than what appeared on their face. The books were the best evidence, and the reports were not evidence at all. *Anderson v. Volmer,* 83 Mo. 404 ; *Cozens v. Barrett,* 23 Mo. 544. No foundation for this secondary evidence was laid. *Anderson v. Volmer,* 83 Mo. 408 ; *Penn's Adm'r v. Watson,* 20 Mo. 13 ; *Hissrick v. Henderson,* 20 Mo. 310 ; *Briggs v. Henderson,* 49 Mo. 531 ; *Cross v. Williams,* 72 Mo. 579. The reports of the sub-agents were hearsay merely. *Chouteau v. Searcey,* 8 Mo. 733. (2) The courts should have permitted appellants to

amend their petition to conform to the evidence before the referee. *Carr v. Moss*, 84 Mo. 447; *Blair v. Railroad*, 89 Mo. 383 ; *Barkley v. Bates*, 2 Mo. App. 139; *Welday v. Jones*, 79 Mo. 170 ; R. S. 1879, sec. 3566 and note " c." (3) The referee having reported the evidence which is in the bill of exceptions, this court will review it and correct his finding. *Hdw. Co. v. Wolter*, 91 Mo. 488 ; *State ex rel. v. Hurlstone*, 92 Mo. 327; *Smith v. Paris*, 70 Mo. 616 ; *O'Neil v. Capelle*, 62 Mo. 208 ; *Ely v. Ownby*, 59 Mo. 438 ; *Prendergrast v. Eyermann*, 16 Mo. App. 387. (4) The report shows on its face that Kyle was induced to sign the bond by the false representation of Layman, agent of respondent. And the finding that Kyle was liable on the bond was the referee's conclusion of law, that the false representation did not render the bond void. The trial court was not bound to accept the referee's conclusion of law. *Bank v. Miller*, 73 Mo. 187. " And when it is apparent from the face of the report of a referee that the decision is erroneous, it is error in the court below to confirm the report, and the judgment will be reversed." *Smith v. Crews*, 2 Mo. App. 279.

*Anderson & Carmack, J. F. Mister*, for respondent.

(1) The report of a referee in actions at law is equivalent to a special verdict, and is conclusive as to questions of fact, if there is any substantial evidence to support it (*Gamble v. Gibson*, 75 Mo. 326 ; *Matthews v. Fitzwilliam*, 84 Mo. 406), and will not be disturbed as being against the weight of evidence. *Franz v. Deitrick*, 49 Mo 95 ; *Bissell v. Hill*, 10 Mo. App. 493 ; *Conklin v. Cabanne*, 9 Mo. App. 519 ; *Ferry Co. v. Railroad*, 73 Mo. 389 ; *Reniecke v. Jod*, 56 Mo. 386 ; *Stoneware Co. v. Partridge*, 8 Mo. App. 217 ; *McGinness v. Mitchell*, 21 Mo. App. 493 ; *Kennard v. Peck*, 19 Mo. App. 343 ; *Boatmen v. Kribben*, 48 Mo. 37 ; *Prendergast v. Eyermann*, 16 Mo. App. 387. Nor is the case of *Ely*

*v. Ownby*, 59 Mo. 438, opposed to this view, for in that case, the referee simply acted as a master in chancery in determining the accuracy of a receiver's report, and there was no claim that the right of trial by jury extended to the subject of reference in that case. *Kennard v. Peck*, 19 Mo. App. 343. (2) The trial court did not err in refusing to permit appellants to amend their amended answer after the report of the referee had been made and after exceptions thereto ( which stood in lieu of a motion for a new trial ) had been filed and overruled. Sections 3566 and 3567, Revised Statutes of Missouri, only authorize the court to make the pleadings conform to the proof when such amendment would not change substantially the defense. *Irwin v. Chiles*, 28 Mo. 576 ; *Kerr v. Bell*, 44 Mo. 120 ; *Butcher v. Death*, 15 Mo. 271 ; *Newham v. Kenton*, 79 Mo. 385. Now, the defense set up in the answer is, that there was no breach of the bond. The defense they wish to make, by amendment to amended answer after special verdict, is, that they were not bound to make the breach good because they were deceived into executing the bond. Certainly this is a substantial change of defense. A somewhat similar defense to this was sought to be set up by these appellants by their answer filed in that case, but it was abandoned and an amended answer alleging in defense that there was no breach of the bond was filed by them. (3) Again, our supreme court has repeatedly held, that these amendments were in the discretion of the trial court, which discretion would not be disturbed unless grossly abused. *Ensworth v. Barton*, 67 Mo. 622 ; *Chauvin v. Lownes*, 23 Mo. 227. In *Carr v. Moss*, 87 Mo. 447, referred to by defendant, the supreme court based its decision on the ground that the evidence was not all in when plaintiff asked to amend. Here the case was closed, and plaintiff could not have had an opportunity to rebut the evidence which would have been relevant under the amended

answer as defendants wished to amend it. Certainly the trial court did not abuse its discretion. (4) Great stress is laid on the evidence of the witness McIntyre, and voluminous authorities quoted by appellant as to secondary evidence, etc. The testimony of McIntyre could be wholly eliminated from this case without affecting a feather's weight the result. The testimony of Purviance, Gartside and Newton clearly establishes the alleged liability of these defendants on the bond.

SMITH, P. J.—This was a suit on a bond made to plaintiff by Givens and his co-defendants, conditioned upon the faithful performance of his duties as agent for plaintiff, as specified in agreements which "he has or may hereafter make with plaintiff, and for the payment to the company of all moneys, notes, leases, etc., which he, as agent of said company, may hereafter collect, or receive, or obtain, and pay to the said company all indebtedness which is now or may hereafter become due and owing by him to the said company."

The petition sets out the breaches by averring an indebtedness of $233.12, as due said company by Givens prior to the execution of the bond, and an indebtedness of $532.40, accruing after the execution of the bond, making a total of $765.52, with credits of $357.37, leaving a balance of $408.05, for which plaintiff asks judgment, to be satisfied by the penalty of the bond ($300).

The defendants, by separate answers,—the principal by one, and the sureties by another,—admit the execution of the bond, but deny all other allegations of the bond, generally and specially.; the principal also setting up representations by an alleged agent of plaintiff, that Givens was not indebted to the company at the time, and also setting up a counter-claim, and the sureties denying that the money alleged to be due prior to the execution of the bond, even if due, was an obligation upon them.

But the sureties set up no representations of plaintiff's agent as defense.

The plaintiff filed a replication to the answers and the court referred the case to an attorney who heard the evidence and subsequently filed a report, to which the defendants filed exceptions, which are quite lengthy and need not be here set forth. The court overruled the defendant's exceptions to the report of the referee and thereupon the defendants who were sureties asked leave to file a second amended answer, setting up that they had been induced to sign said bond by the false and fraudulent representations of the plaintiff, which the court refused to permit.

The defendants asked several instructions but as no point is made in their brief in respect to them, there is no occasion for setting them forth here.

The circuit court rendered judgment against defendants who after unsuccessfully endeavoring by motion to set the same aside took their appeal here.

I. The main ground upon which defendants prosecute their appeal is that the circuit court committed error in refusing them permission to file an amended answer.

It will be remembered that although the facts which defendants desired to plead in their proposed amendment were within their knowledge from the very inception of the case, they neglected to interpose them by answer until after they had filed two answers, upon the last of which they went to trial, and until after the filing of the report of the referee and the overruling of the exceptions thereto. The evidence, too, was then closed and the plaintiff at that time could not have had an opportunity to rebut the evidence which would have been relevant under the proposed amended answer. The proposal to file such amendment was certainly untimely. *Carr v. Moss*, 87 Mo. 447.

It seems to us that the negligence of the defendants in this regard was such as ought properly enough to have precluded them from successfully invoking the favorable exercise of the discretionary power of the circuit court in their behalf. With the exercise of this power we will not interfere unless satisfied of gross abuse. R. S., sec. 3586; *Ensworth v. Barton*, 67 Mo. 622; *Charvin v. Lownes*, 23 Mo. 227.

The amendment proposed involved a substantial change of the defense of defendants.

And while the statute is very broad and comprehensive in its provisions authorizing courts to allow amendments of pleading to be made in furtherance of justice, it is always upon the expressed condition that the amendment does not change substantially the claim of defense. R. S., secs. 3566, 3567.

The trial courts have been frequently admonished to confine the exercise of this power within the statutory limits just mentioned. *Irwin v. Chiles*, 28 Mo. 576; *Kerr v. Bell*, 44 Mo. 120; *Newman v. Kenton*, 79 Mo. 385; *Butcher v. Death*, 15 Mo. 271; *Carr v. Moss*, 87 Mo. 447.

Under the peculiar facts and circumstances of this case we do not feel authorized to interfere with the discretion exercised by the court in denying to the defendants permission to file their amended answer. We are not satisfied that there was any abuse of the court's power in this respect.

II. The defendants further contend that the referee having reported the evidence taken by him that this court can review it and correct his findings. We do not think this court has any such power in a case of this kind.

In actions at law the report of the referee is equivalent to a special verdict. And while this court cannot interfere with a verdict where there is any evidence to support it, the trial court is invested with a large

discretion in that behalf and may award a new trial on the ground that the verdict. is against the evidence. The same rule applies to the report of a referee in actions at law. In *Clark v. Phillips* ( decided by the supreme court and not yet reported ), it was said: "This being a law case the special judge exceeded his powers in setting aside the report of the referee. He had the power, doubtless, to set it aside altogether if dissatisfied with it just as he could the verdict of a jury, but he had no more power to amend the finding of the referee than to amend the verdict of a jury." This case is in line with many others in this respect. *Caruth-Byrnes Hard. Co. v. Wolter*, 91 Mo. 484; *State ex rel. v. Hurlston*, 92 Mo. 327 ; *Gamble v. Gibson*, 84 Mo. 406 ; *Father Matthews Society v. Fitzwilliams*, 84 Mo. 406 ; *Franz v. Deitrick*, 49 Mo. 95 ; *Prendergast v. Eyermann*, 16 Mo. App. 387; *Kennard v. Peck*, 19 Mo. App. 343; *McGinness v. Mitchell*, 21 Mo. App. 493.

Where there is any evidence to sustain it we will suppose that the whole evidence was properly weighed and the requisite effect given to it. *Western v. Kubben*, 48 Mo. 95 ; *Gunbel v. Pignero*, 62 Mo. 240.

The defendants' abridgment of the record does not purport to set forth the substance of all the evidence. The plaintiff in its counter abstract has set out much evidence which defendants seem to have entirely omitted from their abstract and we cannot tell whether both of these contain the substance of all the evidence adduced in the case. Neither of them state such to be the fact.

If a party desires us to review the evidence in an action of this sort with a view of determining whether the finding of the referee is against it, he should present an abstract setting forth the substance of all or so much thereof as is material.

In a case like this, where the abstract is meager and does not state that it contains the substance of all the

evidence we cannot undertake to examine it further than to see that there is some substantial evidence to support the finding, and as already stated we will suppose the referee properly weighed the whole evidence and gave to it the requisite effect. The burden is upon the defendant to establish the allegations upon which his exceptions rest. *Ranson v. Hall*, 56 Maine, 142.

The defendant's exceptions that the finding of the referee was against the law and against the evidence are exceedingly general. They do not inform the court in what respect the finding is against the law, nor in what respect it is not supported by the evidence. It was necessary that these matters should have been especially pointed out. This not having been done, the exceptions must be disregarded. *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389 ; *Underhill v. Pomeroy*, 6 Hill, 603 ; *Ward v. Craig*, 87 N. Y. 550.

It is true that under the exception that the "finding of the referee is against the law," the specification is made that the referee found that the defendant Kyle was induced to sign said bond by the false and fraudulent representations of plaintiff.

While this finding was not responsive to the pleadings and was unauthorized, yet as it did not affect the sustantial rights of the parties, the trial court very properly disregarded it. R. S., sec. 3569. The objection that the witness McIntyre was permitted to testify from a sheet he claimed to have transcribed from the books of plaintiff does not seem well grounded, in the light of the plaintiff's counter abstract, the correctness of which is not controverted, for it there is made to appear that this witness testified from exhibits filed in the case and from contracts, reports of sales and the stubs of receipt books, signed by the defendant Givens with whose signature witness was familiar. While owing to the manner in which the testimony of this witness is abstracted, it is not clear to us whether the

defendants' objection was well taken or not, but however this may be, we are all of the opinion that it was cumulative evidence and granting that it was incompetent, there was the unchallenged testimony of several other witnesses which was ample and sufficient to establish the liability of the defendants and for this reason the defendants were not injured by it. *St. L. Public School v. Risly's Heirs*, 40 Mo. 356.

Upon an examination of the whole case we have been unable to discover that the circuit court by any of its rulings committed error prejudicial to the defendants.

The other judges concurring, the judgment of the circuit court is affirmed.