BENTLY B. CARR, Appellant, v. JOHN. T. MOSS, Respondent.

Kansas City Court of Appeals, May 20, 1889.

Accounting: BURDEN OF PROOF: JUDGMENT AFFIRMED. The chief cause of complaint on this appeal is, that the court placed the burden of proof upon the plaintiff when it should have been upon the defendant and, as the record does not show whether this is true or not, and the court and the referee have each twice found against the plaintiff, the judgment will not be disturbed.

*Appeal from the Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*L. T. Collier* and *T. H. Kemp*, for the appellant.

The referee in stating the account allowed every item of them in favor of defendant that had been sworn to and without their having been pleaded by him. The view taken of the law controlling this case by the referee was clearly wrong, He made his accounting upon the presumption that the burden of proof was on the plaintiff in all the parts of the case, and the same error was allowed by the court. We deny this, for after it was once shown from the admissions of defendant in his answer, and the proof that he was the attorney and confidential adviser and agent of the plaintiff the burden of proof shifted, and all the presumptions of law changed from plaintiff to defendant; for once it is shown the parties had acted in the relation of client and attorney or agent, then that raises the presumption of fraud, and the burden is on the attorney or agent to establish its perfect fairness, adequacy and equity. 1 Story Eq. Jur. [3 Ed.] secs. 310, 311.

No brief for respondent.

ELLISON, J.—This is an action founded on a petition to redeem certain lands therein described. The deed by which defendant held the land was made to him by the plaintiff, and, though appearing to be absolute on its face, was declared to be merely for the security of a debt.

The circuit court found and declared the deed to be in the nature of a mortgage and decreed that, after payment should be made to defendant of whatever sum might be found to be due him, he should reconvey the land to the plaintiff. And in order to ascertain the state of the account between the parties, the matter was referred to a referee. Before the report of the referee was acted upon, plaintiff asked leave to amend his petition in conformity to the proof offered. This was refused and he appealed to the supreme court for this reason, and on the additional ground that the finding on the accounting was erroneous. The supreme court reversed the judgment and remanded the cause on account of the amendment being refused.

The case was again referred to the same referee, who made his finding and reported to the trial court. He found there was due defendant the sum of $2424.90. This amount was reduced by the trial court to the sum of $1550.00, and the report then approved. It is only from the matter of accounting before the referee, that this appeal is stated to have been taken.

The principal, if not the only, question presented us by the record, is as to the correctness of the finding of the referee, as amended by the trial court. There are some other objections, but they have not been pointed out, as required by rules of court, so that we may see clearly to what they relate. It is objected that the court put the burden of proof on the plaintiff, when,

it is alleged, it should have been on the defendant, but we are not able to determine from the record presented whether this be true or not.

However these objections may be, we have examined the evidence in the cause and as a result of that examination feel constrained to affirm the judgment. This litigation has been protracted. The finding of the court and the referee has been against the plaintiff after two examinations by each, and when on appeal in the supreme court after the first examination in which complaint was made of the finding, that court said:

"An examination of the evidence has not satisfied us that, on the pleadings and evidence, there was error in the finding, but only raised a doubt on that subject, and, as we shall reverse the judgment and remand the cause, would suggest another reference on the proofs already taken, after the amendment is made." 87 Mo. 447.

The second reference was had with the result as we have stated.

In our opinion the judgment should be affirmed, and it is so ordered. All concur.