Smith v. Haley.

PATRICK J. SMITH, Respondent, v. MARGARET HALEY *et al.*, Appellants.

St. Louis Court of Appeals, May 29, 1890.

1. **Practice, Trial**: COMPULSORY REFERENCE: LONG ACCOUNT. If in an action arising under a contract for the erection of a building and for the enforcement of a mechanics' lien for the amount claimed, the account sued upon contains fifteen items of charges and credits, and the answer presents five counter-claims arising out of the performance of the contract, and involving together thirteen items of counter-charge, so that the pleadings as a whole present twenty-eight items, which are the subject of controversy, the court is warranted in ordering without the consent of the parties a reference of the cause on the ground that the examination of a long account is necessary.

2. ————: EXCEPTIONS TO RULINGS OF A REFEREE ON THE ADMISSION OR EXCLUSION OF EVIDENCE. In order that a party to a cause which has been tried before a referee may demand a review of rulings of the referee on the admission or exclusion of evidence he must, in the exceptions filed by him under the statute on the filing of the referee's report, specifically point out the rulings of which he complains. A general exception by defendants that "the referee admitted illegal and improper evidence for the plaintiff, and excluded legal and proper evidence for the defendants," is insufficient.

3. **Pleading**: WAIVER. Under an allegation of performance, a waiver may be shown, and where the contract, which is the foundation of the action, requires performance to be made in a particular way, it may be shown that the defendant accepted performance in a different way.

*On motion for rehearing.*

4. **Mechanics' Liens:** FILING OF ACCOUNT. An account filed as the basis of a mechanic's lien is insufficient to sustain the lien, if it consists of one item for the entire cost of the erection of a building ; and this is so, though the building was erected under a written contract fixing its cost at the amount named in the account, and though the lien be filed by the original contractor for the erection of the building.

*Appeal from the St. Louis City Circuit Court.*—Hon. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Thomas A. Russell,* for appellants.

*Rowe & Morris,* for respondent.

THOMPSON, J.—The plaintiff, as an original contractor, brings this action upon a building contract, to recover a balance alleged to be due thereon, for building a house for Mrs. Haley, one of the defendants, and also seeks to enforce a mechanic's lien upon the house and lot for the balance claimed to be due. The cause was referred to a member of the bar against the objection of the defendant to try all the issues. He heard the evidence of the parties and filed a report, recommending a judgment in favor of the plaintiff in the sum of two hundred and nine dollars and twenty cents, and that the same should be charged as a mechanic's lien on the property. Within four days the defendants excepted to this report; their exceptions were overruled; judgment was entered thereon in accordance with its recommendations ; they, within four days, filed a motion for a new trial, and this being overruled, they appeal to this court.

I. The first error which they assign is the action of the court on sending the case to a referee. Waiving the question whether this proposition has been properly

presented for review, in view of the fact that no exception was saved to the ruling of the court on this point until the motion for new trial, the court is of opinion that the assignment is untenable. An inspection of the pleadings leaves no doubt in our minds that the issues required the examination of a *long account* on both sides ; and the statute authorizes the court to refer the cause without the consent of the parties, "where the trial of an issue of fact shall require the examination of a long account on either side." R. S. 1889, sec. 2138. The account sued on contains no less than *fifteen* items of charges and credits. The answer embraces *five* distinct counter-claims, each one demanding damages for a failure of the plaintiff to complete the work as required by the contract in certain particulars named. The fifth of these counter-claims contains *nine* separate and distict specifications of such failure, in addition to those set up in the other four counter-claims. There are, therefore, on the face of the pleadings, at least twenty-eight distinct items which are the subjects of contestation. We have no difficulty in holding that such a state of the pleadings presents the case of a long account, within the meaning of the statute.

II. Another assignment of error is that the referee erred in permitting the plaintiff to show that the plans and specifications, under which the house was built, were changed before the signature of the contract. An examination of the testimony, returned by the referee with his report, shows that numerous objections were made to evidence, some of which were sustained and some overruled ; but the record does not show that any of these objections were renewed in a distinct form in the exceptions to the referee's report. It is a fundamental rule of procedure that exceptions to the admission or the rejection of evidence must be taken in every judicial trial at the time when the evidence is offered and when the ruling upon the objection is made.

*Hannibal & St. Joseph Ry. Co. v. Moore*, 37 Mo. 338; *Shaler v. Van Wormer*, 33 Mo. 386. Citing these and other cases, it was held by this court in *Hill v. Bailey*, 8 Mo. App. 85, 88, that objections to the introduction of evidence before a referee come too late when made for the first time upon exceptions to the referee's report. But, while an objection must be taken before the referee, yet, as he has no power to sign a bill of exceptions, it does not seem necessary for him to note in his report of the evidence that exceptions were taken; but it seems to be the proper practice for him to note the objections in his report of the evidence and his rulings thereon. If the party excepting to the report desires to have the court review any of those rulings, he must, on well-settled principles of procedure, point out specifically the rulings of which he complains. A general exception that the referee admitted illegal and improper evidence, against the objection of the party complaining, will not avail. Here the exceptions to the referee's rulings upon evidence, which were made in the form of exceptions to his report, are of the most general character, and do not put the exceptor's finger upon any particular ruling. The only exception is in the following words: "The referee admitted illegal and improper evidence for the plaintiff, and excluded legal and proper evidence for defendants." This is certainly not an exception to rulings upon evidence, of that specific character which is essential to bring such rulings to the attention of an appellate court in accordance with the rules of appellate procedure. If the evidence returned by the referee with his report, upon which he has acted judicially and based his findings and recommendations, are to be treated as a mere deposition, then, in excepting to his rulings upon the admission or rejection of evidence, the exceptor must, upon any theory of legal procedure, be as specific in the manner of taking his exception, as he would be in excepting to a deposition taken out of

court to be read in court upon a trial. An exception to a deposition so taken, which merely averred that the notary or other officer taking the deposition admitted illegal and improper evidence for one party, and excluded legal and proper evidence for the other party, would not enable the court to know what portion of the deposition the exceptor desired to have excluded, or what portion excluded by the officer he desired retained, and it, therefore, would not be sufficiently specific to enable the court to act upon it.

It thus appears that nowhere in the record, prior to the entry of judgment, was any distinct exception saved to any distinct item of evidence admitted or excluded. There is, therefore, clearly nothing for review in this court under this head.

III. The next assignment of error which we shall notice is that the court erred in allowing the plaintiff a lien for the old stairs, which were attached to a building separated from the one on which the lien was filed. The court is of opinion that this assignment of error is well taken, but as the amount of this non-lienable item was but fifteen dollars, it can be cured by a *remittitur*.

IV. The next assignment of error which we shall notice is in the form of a proposition, that the plaintiff could secure no lien on the defendant's property because he failed to file an itemized account, as required by the statute. We find that he filed an itemized account, stating the amount which, by the terms of the contract, was the agreed contract price for the building, to-wit, the sum of thirty-nine hundred and ninety dollars, and also containing eight specific charges for extras growing out of changes in the contract by the parties thereto, and amounting in the aggregate to eighty-five dollars and thirty cents. We do not see that any objection was taken to this account upon this or any other ground, when it was offered in evidence, either before the referee or in the form of exceptions to the

referee's report; nor do we see that such an objection was called to the attention of the court in the motion for new trial. We do not understand, therefore, that there is anything under this assignment of error which we could review, if we regarded the objection as sufficient.

V. The last assignment of error presents some difficulty. It is that this is an action on a special contract and that the plaintiff is recovering upon a *quantum meruit*. There is some difficulty in determining whether this objection has been properly saved for review in this court, growing out of the very general manner in which exceptions to the referee's report were taken and renewed in the motion for new trial. The motion for new trial contains the usual assignment that the judgment is against the evidence and the weight of the evidence ; and it also assigns, as a reason why a new trial should be granted, that the finding of the referee and the judgment of the court are contrary to the law and the evidence. We assume that, if an action has been commenced on a special contract, and a recovery has been had upon the mere proof of the rendition of services at the instance and request of the defendant, and upon evidence of the reasonable value of such services, the case presented is one where the petition is unsupported by the evidence in its entire scope and meaning, and that, in such a case, there can be no recovery. It is well settled, by numerous decisions in this state, that, where an action is brought upon a special contract, there can be no recovery upon what is called a *quantum meruit*. *Eyerman v. Mt. Sinai Cem. Ass'n*, 61 Mo. 489 ; *Davis v. Brown*, 67 Mo. 313 ; *Lewis v. Slack*, 27 Mo. App. 119 ; *Halpin v. Manny*, 33 Mo. App. 388 ; *Warson v. McElroy*, 33 Mo. App. 553. There is often much difficulty in applying the rule in the case of building contracts, having extensive specifications. The cases which have been before this court

show that the specifications in such contracts are seldom complied with throughout, as originally drawn, but are generally departed from more or less, by the subsequent acts of the parties, to meet changes dictated by motives of economy or taste. To afford room for these deviations, such contracts generally provide that they may be made, and state the manner in which they shall be made. It would seem that the written contract, which was the foundation of the action in the present case, was drawn for the parties by an architect, and that it was, in this respect, in the form in general use among architects and builders in St. Louis. It contemplated, as these contracts usually do, that the work should be directed by a superintendent. These building superintendents are, it is well known, generally architects,—in most cases the particular architect who makes the plan and draws the specifications. This architect, in his character of superintendent, acts as the agent of the owner ; and, to guard against the possibility of fraud, unfounded claims, misunderstandings and disputes, such contracts generally provide that deviations from the original plans and specifications shall be made in writing, and that the writing shall be signed by the architect or superintendent. Such a provision was contained in this contract. It provided that the plaintiff should "erect, build, finish and complete, in a good, sound, workmanlike manner, to the perfect satisfaction and approbation of the superintendent, the aforesaid buildings and works, according to the specification, drawings, dimensions and explanations and observations thereon, or herein stated, described or implied, or incident thereto, which may become necessary to the true intent or meaning thereof, although not specially and specifically stated, or described by the aforesaid drawings and specifications." It further provided as follows : "And should it appear that any of the works hereby intended to be done, or matters relating thereto,

are not fully detailed or explained in the said specifications and drawings, the said party of the second part shall apply to the superintendent for such further detailed explanations, and perform his orders as part of this contract. The superintendent shall be at liberty to make any deviation from, or alteration in, the plan, form, construction, detail and execution, described by the drawings and specifications, without invalidating or rendering void this contract; and, in case of any difference in the expense, an addition to or abatement from the contract price shall be made, and the same shall be determined, by the architect. And in case any such alteration or change shall be made or directed by the said superintendent as aforesaid in the plans, drawings, construction of the aforesaid building, and in case of any omission or addition of said buildings being required by said superintendent, the cost and expense thereof is to be agreed upon in writing, and such agreement is to be signed by the said party of the second part and superintendent before the same is done, or before any allowance therefor can be claimed; and in case of any failure so to agree, the same shall be completed upon the original plan."

The difficulty with the execution of this contract in strict accordance with its terms, including any subsequent deviations, was, that *there was no superintendent.* The evidence of both parties shows that Haley and wife undertook to be their own superintendents. In fact, they began to change the contract by parol agreements with the plaintiff, after he had made the bid and before the contract had been formally signed. A very essential change in the plan of the house was thus made after the plaintiff's bid was accepted, but before the contract was signed. It consisted in changing the west wall from a nine-inch to a thirteen-inch wall, and, according to the plaintiff's testimony, it was agreed, in order to keep the work within the bid, to counteract this increase of

Smith v. Haley.

expense by taking off three feet of the length of the building, and by taking out the sanitaries in the water closets. Numerous other changes were made in the course of the work, at the dictation of Haley and wife. The expense of these changes was not agreed upon in writing, in accordance with the provisions of the contract above set out. The work in many details, when finished, differed from the specifications of the contract. This is shown by the testimony adduced in favor of both parties, and is not disputed. Indeed, it is not claimed that the house was built in strict accordance with the plans or specifications; but the evidence leaves it equally clear that the parties throughout regarded the contract as fixing the general character and price of the work.

The petition counts upon the contract, as in ordinary cases of action upon written contracts, and avers performance according to the terms of the contract. We understand it to be the rule that under an allegation of performance, a *waiver* may be shown, and that, where the contract, which is the foundation of the action, requires performance to be made in a particular way, it may be shown that the defendant accepted performance in a different way.

The referee, in his report, finds that the contract was changed in respect of eight different matters, of the aggregate value, properly chargeable to the defendants, of eighty-five dollars and thirty cents. He also allows them, on their counter-claims for certain deviations from the specifications of the contract as executed, the sum of one hundred and two dollars and ten cents. Giving the defendants credit for the amount which they have paid under the contract, he arrives at the balance due the plaintiff of two hundred and nine dollars and twenty cents. With the exception of the non-lienable item of fifteen dollars, it seems that the referee has worked the matter out as well as it would probably

be done on another trial, and as well as it would be done if the plaintiff were nonsuited and driven to an action on a *quantum meruit.* There is much difficulty in dealing with the case, owing to the numerous deviations between the contract as made and the contract as executed ; but the evidence satisfies us that most of these deviations were due to the dictation of the defendants, who undertook the task of acting for themselves as superintendents of the work. We do not see that the ends of justice would be subserved by another trial, or by a reversal of this judgment without remanding the cause, thus driving the plaintiff to an action on a *quantum meruit.* If the plaintiff will, within one week from the filing of this opinion, remit fifteen dollars of the judgment recovered, it will be affirmed as to the residue, otherwise it will be reversed and the cause remanded. In either event, the appellant will recover the costs of the appeal. It is so ordered. All the judges concur.

### OPINION ON MOTION FOR REHEARING.

THOMPSON, J.—We see no reason for granting the rehearing which is asked for in this cause; but the argument which has been presented to us in support of the motion calls our attention to the recent decision of the supreme court in *Rude v. Mitchell,* 97 Mo. 365. That case holds that, where the account filed as the basis of a mechanic's lien, in a case between the original contractor and the owner, states the whole contract price of the building in one item, it is not the "just and true account" required by the statute, but is worthless as the basis of a lien, and that, where the builder files such an account, he acquires no lien. This is contrary to what this court has hitherto supposed to be the law on this subject. We have hitherto proceeded upon the idea that, where the original parties to the

contract have agreed on a round sum for the price of the building, all that the builder can do in drawing his account is to state such round sum as the first item; though our understanding has been that the rule is different in the case of the lien of a sub-contractor. We have supposed that an attempt on the part of the builder to divide up this round sum arbitrarily, so as to show how much *he* regards as chargeable to the masonry, how much to the carpenter work, how much to the plastering, and the like, would be nugatory, because neither justified nor authorized by the contract, which has made no such division. But now that the supreme court has decided that this must be done, even as between the original parties to the building contract, it is our duty to conform our judgment to their view of the law. There can be no possible distinction in this respect between the lien account in *Rude v. Mitchell*, 97 Mo. 365, and that in the case at bar. Here the first item of the account is, "To building, complete, one two-story house with mock-mansard roof, situated at number 2819, Sheridan avenue, for contract price, thirty-nine hundred and ninety dollars." As this defect rendered the entire lien void, the question is sufficiently saved for review by the exception to the referee's report (renewed in the motion for new trial), that the finding is against the evidence.

Our conclusion is that the judgment of the circuit court must be reversed, and the cause remanded, with directions to enter judgment for the sum recommended by the referee, and to enter judgment for the defendants in respect of the claim for a mechanic's lien. It is so ordered. All the judges concur.