Dallas v. Brown.

JOHN DALLAS, Respondent, v. WILLIAM F. BROWN et al., Appellants.

Kansas City Court of Appeals, January 28, 1895.

1. **Trial Practice**: EXCEPTIONS TO REFEREE'S PEPORT: TIME OF FILING. The exceptions to the report of the referee are required to be filed within four days after the filing of the report. And in this case it is presumed that the trial court overruled the objection because not so filed, and the appellate court can not notice such exceptions.

2. ———: ———: TOO GENERAL. Exceptions to the report of the referee in this case are *held*, to be too general and such exceptions do not specifically point out the matters they complain of.

3. **Appellate Practice**: MECHANICS' LIEN: ABSTRACT. The appellate court can not on the abstract in this case determine on what account the referee found the small balance for the plaintiff, and such questions do not properly rise on the record.

4. **Mechanics' Lien**: LUMPING ITEMS: CONTRACT. Where a lumping price is agreed upon, no other price can be specified in the lien account and where each item of the account has a lumping sum fixed by agreement, that is all that is necessary.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*W. C. Barry* and *George W. Day* for appellant.

(1) A lien can not be had for work done or materials furnished unless within the purview of the statute. Phillips on Mechanics' Liens, sec. 15; *Edgar v. Salisbury*, 17 Mo. 271, 272. The term "improvement" as used in the statute is synonymous with "building." *Collins v. Mott*, 45 Mo. 100; *Meistrell & Co. v. Reach*, 56 Mo. App. 243. Fences and sidewalks are held not lienable unless built under one entire contract for their construction in conjunction with the building to which they are appurtenant. *McDermott v. Claas*, 104 Mo. 14; *Stone Co. v. Gray*, 114 Mo. 497; *Henry v. Plitt*, 84 Mo. 237; *Stone Works v. Brown*, 50 Mo. App. 407. (2) There can be no lien for grading or sodding a lot, even though done in conjunction with the erection of a building, and under one entire contract, for the reason, that, as between the lienor and owner of a prior lien, incumbrance or mortgage, it would be impossible for a court to declare to what part, or how much, of the soil the lien should attach as provided by Revised Statutes, 1889, section 6707. (3) Lumping charges are condemned in *Rude v. Mitchell*, 97 Mo. 365; *Coe v. Ritter*, 86 Mo. 277; *Graves v. Pierce*, 53 Mo. 423; *McWilliams v. Allen*, 45 Mo. 573. They are upheld only in cases where the subject of the charge rested in contract. *Hilliker v. Francisco*, 65 Mo. 598.

*B. F. Pursel* for respondent.

(1) The exception filed to the report of the referee and the motion for a new trial are too general and vague to be noticed. *Mfg. Co. v. Givens*, 35 Mo. App. 602. (2) The law requires exceptions to the report of the referee to be filed, within four days, after the report of the trial. *Reinecke v. Jod*, 56 Mo. 386.

R. S. 1889, sec. 2154. (3) A referee's findings of fact are conclusive, if supported by any substantial evidence. *Mfg. Co. v. Givens, supra.* An objection that the findings are unsupported by any evidence will not be considered on appeal, unless the transcript embodies at least the substance of all the material evidence. (4) It has been held that sidewalks and fences are lienable. *Stone Co. v. Gray,* 114 Mo. 497; *McDermott v. Claas,* 104 Mo. 14. And no reason is perceived why a lien for sodding should not be allowed on the same principle. (5) The appellant agreed, to pay the sum of $446 for the work and labor and materials therein mentioned, and the lien account is even more particularly itemized than the parties themselves could make it, and the lien was filed by virtue of this contract, and was sufficient. *Hilliker v. Francisco,* 65 Mo. 598. (6) Where payments are made, and no application made by either party, then the law will apply the payments as justice and equity might require. *Gantner v. Kemper,* 58 Mo. 567; *Goetz v. Piel,* 26 Mo. App. 634; *In Re Assignment of Redding Bros.,* 31 Mo. App. 425.

SMITH, P. J.—This is an action on a mechanic's lien. The cause was sent to a referee, who in due time filed his report. Five days after filing the report by the referee, defendants filed their exceptions thereto. But we can not notice the exceptions, since the same were not filed as required by statute within four days after the filing of the report of the referee. R. S., sec. 2154. The record does not show upon what ground the exceptions were overruled by the court below, but we may presume that it was because the same was not timely filed. *Reinecke v. Jod,* 56 Mo. 386.

Besides this, it is apparent from the face of the abstract that it does not contain all the evidence adduced before the referee, and for that reason, if for

no other, we can not condemn the finding of the referee, on the ground that it is against the evidence. And the same remark applies to the exceptions filed to the first report.

The exceptions are subject to the further objection that they are too general in that they did not inform the court in what respect the finding of the referee was not warranted by the law or the evidence. These matters were not specially pointed out and for that reason were properly disregarded. *Singer Mfg. Co. v. Givens*, 35 Mo. App. 602, and cases cited.

It does not appear from the face of the record proper on what account the referee found for the plaintiff the small balance he did. We can not tell whether it was for the work and labor performed or the materials furnished in the construction of the cisterns, or privies or the sodding. It may have been that the claim made for the sodding was offset by the payments made by defendants. The question as to whether plaintiff was intitled to a lien for the item of sodding does not properly arise on the record before us.

And as to the objection that the lien should not be allowed because the account contains lumping charges it is to be observed that the petition charges that the work and labor done and material furnished, for which the lien is claimed was in connection with the construction and erection of ten cottages under several general contracts, etc. It does not clearly appear to which item of the plaintiff's account the defendant's objection goes. A reference to the account set forth in the petition will we think show that it is sufficiently specific to meet the requirements of the statute. If a lumping price was agreed upon no other price could have been specified. As we understand it, for the materials and labor mentioned in each item of the lien

account, the price therefor was by agreement fixed at the lumping sums charged. This was sufficient under the statute. *Grace v. Nesbitt*, 109 Mo. 9; *Rude v. Mitchell*, 97 Mo. 365; *Hilliker v. Francisco*, 65 Mo. 598.

We perceive no reversible error in the record and so affirm the judgment. All concur.