CAHILL, SWIFT & COMPANY, Appellants, v. EDWARD A. McCORNISH et al., Respondents.

St. Louis Court of Appeals, April 12, 1898.

1. **Referee**: PRACTICE, TRIAL: PRACTICE, APPELLATE. This being a case of compulsory reference, this court has the same power to review the findings of fact made by the referee upon the evidence which it would have in a suit in equity.

2. **Referee**: EXCEPTIONS TO REPORT MUST BE SPECIFIC. A trial judge is justified in overruling exceptions to a report of a referee, where the exceptions fail to point out any specific objections to the report.

3. ——: ——: ——: MECHANIC'S LIEN: PERSONAL JUDGMENT. The failure of plaintiff's to establish their mechanic's lien for any part of amount claimed does not 'deprive them of their right to a personal judgment against the contractors for the full amount agreed to be paid by the latter for material furnished, and the referee should have recommended a judgment for the full amount of the account held by plaintiff's against the contractors, independently of their right to establish their lien.

*Appeal from the St. Louis Circuit Court.*—HON. SELDON P. SPENCER, Judge.

REVERSED AND REMANDED (*with directions*).

MORRIS & FITZGERALD and GROVER & GROVER for appellant.

The account sued on in the petition was proven up by the testimony of Roswell B. Swift. The defendants, E. A. McCornish and Frank Ebenrick, did not deny or contest their liability for the full amount claimed, to wit, $349.95. Their evidence and action throughout the case amounted to a confession of the account. Plaintiffs, therefore, were entitled to a personal judgment against defendants E. A. McCornish

and Frank Ebenrick for the full amount of that account. Plaintiffs' right to recover against E. A. McCornish and Frank Ebenrick was not limited to the value of the materials which actually went into the houses of the Woerheide Realty & Improvement Company. McCornish and Ebenrick received the materials, used them, either in these houses or on their other jobs, and were certainly bound to pay for them. They did not deny or contest their liability for the full amount in any way whatsoever. Even though plaintiffs might fail to establish a lien against the realty, McCornish and Ebenrick were personally liable for the amount of the account. Patrick v. Abeles, 27 Mo. 184; Stebed v. Stock, 31 Mo. 456; Mulloy v. Lawrence, 31 Mo. 583; Matlack v. Lare, 32 Mo. 264; Cleveland v. Shaw, 51 Mo. 440. Even if the plaintiffs had failed to establish their lien, yet being entitled on the pleadings and evidence to a personal judgment against McCornish and Ebenrick for the full amount of their account, the court will remand the case to enable them to obtain such judgment. Matlack v. Lare, 32 Mo. 262, 264. There was no evidence tending to sustain the finding of the referee that McCornish and Ebenrick were not liable for the full amount of the account. Indeed the question of their liability does not seem even to have been raised or controverted by them, either by pleading, defense or by evidence. The evidence established the fact that all the materials set out in plaintiffs' itemized account were used in the building. The notice was sufficient in itself. The proof of the service of the notice was sufficient. It was not essential that the proof of the service of the notice should be made by affidavit. The service may be shown by "inferential evidence" at the trial. Miller v. Hoffman, 26 Mo. App. 199; Construction Co. v. Jones, 60 Mo. App. 5; Meyer v. Christian, 64 Mo. 205

SENECA N. TAYLOR and CHARLES ERD for respondent.

The referee committed no error in his findings of fact or law. But even if he did, the trial court did not err in overruling plaintiffs' exceptions to the report, because they failed to specify the grounds therefor. Exceptions which are so general as not to inform the court in what respect the findings of the referee are against the law or the evidence, are insufficient, and the action of the trial court in overruling the same, will not be reviewed in this court. R. S. 1889, sec. 2302; Hornblower v. Crandall, 7 Mo. App. 220; Singer Mfg. Co. v. Givens, 35 Mo. App. 602; Dallas v. Brown, 60 Mo. App. 493; Ferry Co. v. R. R., 73 Mo. 419; Hornblower v. Crandall, 78 Mo. 582. The referee properly declared that plaintiffs were not entitled to a lien, in the absence of proof of the service of a notice on the owner of the property of their intention to file a lien. In the case of subcontractors, as a prerequisite to their right of action to enforce a mechanic's lien against the property of the owner, the statute prescribes that they "shall give ten days' notice before the filing of the lien * * * to the owner, owners or agent, or either of them, * * * setting forth the amount and from whom the same is due." R. S. 1889, sec. 6723. If this court should be of the opinion that plaintiffs, on the uncontradicted evidence, were entitled to personal judgment against the defendants, McCornish and Ebenrick, for a larger sum than that awarded, as contended by counsel for appellants, and plaintiffs' exceptions to the referee's report are sufficiently specific to raise the question of his finding on that issue, then this court would have the power to enter judgment for the proper amount without remanding the cause. It has been held by both the supreme

court and this court that where the referee has erred, either in his findings of fact or law, and the record contains all the evidence, as in the case at bar, and proper exceptions have been saved to such findings, appellate courts may modify his report as warranted by the evidence contained therein, without remanding the cause. Ely v. Ownsby, 59 Mo. 441; Hardware Co. v. Walton, 91 Mo. 484; Maloney v. R'y, 122 Mo. 106.

BOND, J.—Plaintiffs as subcontractors seek a personal judgment against E. A. McCornish & Company and John Cook, general contractors, for $349.95, and a lien therefor upon the premises of the Woerheide Reality & Improvement Company. The suit was begun and tried before a justice and appealed by plaintiffs to the circuit court, where the court, on the ground that it involved a long account, committed the cause to a referee to try all the issues and report his findings. The referee thus appointed heard the evidence adduced by plaintiffs (defendants offering no testimony) and recommended a judgment against the contractors for $239.97, as the reasonable value of the materials furnished to them by plaintiffs, and that judgment be entered against the lien for the reasons, *first*, that the evidence failed to show any authority, express or implied, on the part of the owner of the land for the making of the contract under which the improvements were erected; *second*, that the evidence failed to show any service of notice of intention to file the lien upon the owner. To this report plaintiffs filed exceptions, which were overruled, and they appealed to this court from a judgment confirming the report. This being a case of compulsory reference, this court has the same power to review the findings of fact made by the referee upon the evidence which it would have in a suit in equity.

Wentzville Tobacco Co. v. Walker, 123 Mo. loc. cit. 671, and citations; Bond v. Finley, No. 6891, this court. unreported. To the extent therefore that appellants have preserved apt and proper exceptions to the findings of the referee on the evidence, it will be re-examined by us. The exceptions taken to the report and passed on by the trial judge are, to wit: "*First*. Plaintiffs except to the fact stated in the second paragraph where only $239.97 worth of material is alleged to have been furnished by plaintiffs. *Second*. Plaintiffs except to the finding of fact in the fifth paragraph of the referee's report. *Third*. Plaintiffs except to the finding of facts in the seventh paragraph. *Fourth*. Plaintiffs except to all the 'findings of law' made by the referee in the above entitled cause."

It is apparent that, except the first, all of the above exceptions failed to point out any specific objections to the report of the referee, for which reason the trial court was justified in overruling them, The Singer Mfg. Co. v. Givens, 35 Mo. App. 602; Dallas v. Brown, 60 Mo. App. 493; Wiggins Ferry Co. v. R. R., 73 Mo. 419; Hornblower v. Crandall, 78 Mo. 582. The first of the foregoing exceptions may mean either that the court erred in finding that the sum therein mentioned, to wit, $239.97, was the reasonable value of the materials furnished by plaintiffs and which were used in the construction of the improvements, or that such sum was an incorrect finding of the amount which plaintiffs were entitled to recover against the general contractors. An examination of the evidence accompanying the report of the referee satisfies us that this sum correctly measures the value of the materials used in the construction of the buildings, but it also satisfies us that it does not correctly measure the amount which plaintiffs were entitled to recover from the

*Margin note: EXCEPTIONS to report of referee must be specific.*

parties with whom they made the contract to furnish materials. The undisputed evidence shows (such parties making no defense) that plaintiffs were entitled as against the contractors to the full amount, to wit, $349.95, for which this action was brought. The failure of plaintiffs to establish their lien for any part of this sum did not deprive them of their right to a personal judgment MECHANIC's lien: against the contractors for the full personal judgment. amount agreed to be paid by the latter for the materials furnished, and the referee should have recommended a judgment for the full amount of the account held by plaintiffs against the contractors, independently of their right to establish a lien. Patrick v. Abeles, 27 Mo. 184; Matlack v. Lare, 32 Mo. loc. cit. 264; Williams v. Porter, 51 Mo. 441.

The judgment herein is therefore reversed and the cause remanded, with directions to the trial judge to enter judgment in conformity with this opinion. It is so ordered. All concur.