# THE STATE ex rel. WAYNE COUNTY v. WILLIAM WOODS et al., Appellants.

° Division One, March 31, 1911.

1. **APPEAL: Motion to Dismiss: No Record Showing Filing.** Unless the abstract of the record proper shows that appellant's motion to dismiss and abate the action was filed, such motion cannot be considered upon appeal, although the motion itself is set out in the bill of exceptions. The record of the circuit court should show the filing of such a motion if in fact it was filed, and that entry of the clerk is a part of the record proper, and on appeal should be abstracted as such.

2. ———: *Exceptions to Referee's Report: Record Showing of Filing.* Although the abstract of the record proper fails to

show that the entry made by the circuit clerk at the time the exceptions to the referee's report were filed has been abstracted, yet if the judgment recites that the cause came in for hearing "upon defendant's exceptions to the referee's report as heretofore filed," and that judgment is set out in the abstract as a part of the record proper, it will be held that the abstract shows the filing of exceptions to the referee's report.

3. ————: ————: ————: **Timely Filing: Presumption.** Where the record proper shows the filing of exceptions to the referee's report and a consideration of them by the court, it will be presumed that they were either filed within the time limited by the statute, or within such time as was granted by the court.

4. ————: ————: **No Reference to Exceptions in Motion for New Trial.** If the motion for a new trial does not charge the court with error in overruling the exceptions to the referee's report, such exceptions cannot be considered on appeal. Where there has been a reference, exceptions to the report must be filed, and the cause is heard upon the report and those exceptions, and where those exceptions are overruled the losing party must in his motion for a new trial call the court's attention to alleged error in overruling the exceptions. An assignment in the motion that "the court erred in approving the report of the referee filed in said cause and in rendering judgment in accordance with the report of said referee" is not sufficient. That assignment could as well have appeared in a motion for a new trial wherein no exceptions to the report had been filed, as in one wherein exceptions to the report had been filed.

5. ————: ————: ————: **Necessary Steps for Review.** To get a ruling from the appellate court upon the rulings of the trial court on exceptions to a referee's report, it is necessary: first, to preserve an exception to the action of the trial court in overruling or sustaining exceptions to the referee's report; second, the motion for a new trial must charge said action to be error, and thus call the trial court's attention to the error; and, third, this motion and the ruling thereon and exceptions thereto must be properly preserved in a proper bill of exceptions.

6. **REFERENCE: Course of Procedure: At Trial and on Appeal.** In a reference case, the referee is required to make and report his rulings both on the evidence and the law, and the errors which he makes are called to the attention of the trial court by specific exceptions to the report, to be filed within four days; and the errors of the trial court are called to the attention of the appellate court through his rulings upon those exceptions.

Appeal from Wayne Circuit Court.—*Hon. Joseph J. Williams*, Judge.

AFFIRMED.

*Thomason & Clark, J. F. Green, V. V. Ing* and *O. L. Munger* for appellants.

(1) The court erred in overruling appellants' motion to dismiss and abate this action because not authorized by order of the county court of Wayne county. "In each county there shall be a county court which shall be a court of record and shall have jurisdiction to transact all county and such other business as may be prescribed by law." Constitution, art. 6, sec. 36. Section 3781, R. S. 1909, requires the county court "to order suit to be brought on the bond of any delinquent and require the prosecuting attorney of the county to commence and prosecute the same." It was admitted on the hearing on the motion to dismiss, that no order was made by the county court directing the prosecuting attorney to commence and prosecute this action, and it follows that if the power to order suit to be brought is in the county court, the prosecuting attorney, on his own initiative, may not involve the county in litigation. The power being lodged with the county court, no other person or tribunal can exercise that power, and the maxim, *expressio unius est exclusio alterius,* applies. State v. Hill, 147 Mo. 63; Bank v. Graham, 147 Mo. 250; State v. Hamey, 168 Mo. 212; Henderson v. Keonig, 168 Mo. 370; Ex parte Arnold, 128 Mo. 256; State v. Bengsch, 170 Mo. 115; Cooley, Const. Lim. (6 Ed.) 78, 79, 93, 94. The county court is a court of record and can only speak by its record, and no order of record being shown, there could have been no direction by the court to the prosecuting attorney to commence and prosecute the suit. Dennison v. St. Louis County, 33 Mo. 168; Maupin v. Franklin

County, 67 Mo. 329; Mobley v. Nave, 67 Mo. 549; Riley v. Pettis County, 96 Mo. 321; Sanderson v. Pike County, 195 Mo. 604. (2) The final settlement made with defendant Woods by the county court at the close of his term of office can only be impeached for fraud or mistake of fact. No fraud was charged in the pleadings attacking the settlement, and it is conclusive on the county in a collateral proceeding. Scott County v. Leftwich, 145 Mo. 32; State ex rel. v. Ewing, 116 Mo. 136; State ex rel. v. Shipman, 125 Mo. 436; Kronenberger v. Binz, 56 Mo. 122; Moore v. McCullough, 8 Mo. 401; Kent v. Highleyman, 28 Mo. App. 620; Marmon v. Waller, 53 Mo. App. 614; Callaway County v. Henderson, 139 Mo. 520. Whatever was paid to defendant Woods by the county court by its order dated December 31, 1906, for work done which the court found he was not required by law to do as county clerk and which the court allowed him to retain as a credit, cannot be recovered in this action by the county. That was a mistake of law and not of fact. Hethcock v. Crawford County, 200 Mo. 177; State ex rel. v. Hawkins, 169 Mo. 619; State ex rel. v. Shipman, 125 Mo. 436; State ex rel. v. Ewing, 116 Mo. 129; Corbin v. Adair County, 171 Mo. 389. Sections 3773 to 3776, R. S. 1909, prescribe the procedure when an officer fails to render true accounts, and the proceedings had under those sections are judgments of the county court. Owen v. Andrew County, 49 Mo. 372; Cole County v. Dallmeyer, 101 Mo. 63. The action on the official bond of Woods is a collateral attack on the judgment and order of the county court. It is not a proceeding instituted for the purpose of annulling, correcting or modifying a judgment and decree, which is the test. Johnson v. Realty Co., 167 Mo. 341; Lovitt v. Russell, 138 Mo. 483; 2 Freeman on Judgments (4 Ed.), sec. 336; 1 Black on Judgments (2 Ed.), sec. 252; Van Fleet on Collateral Attack, sec. 3. The finding of fact by the referee in this case has no evidence to support

it, and it will be treated in the appellate court as the verdict of a jury, and is not conclusive. McGregor v. Construction Co., 188 Mo. 621; Handlan v. McManus, 100 Mo. 124; Vogt v. Butler, 105 Mo. 479; Bissell v. Warde, 129 Mo. 439; State ex rel. v. Purcell, 131 Mo. 312; James v. Insurance Co., 148 Mo. 15; Sandidge v. Hill, 76 Mo. App. 540.

*J. F. Meador, J. H. Raney* and *Jas. Orchard* for respondent.

(1) The motion to abate and dismiss plaintiff's action cannot be considered for the reasons, (a) the abstract of record filed herein by appellants mentions no record showing the filing of such a motion, and (b) the record shows the answers of defendants were on file, pending and not withdrawn at the time appellants say such a motion was filed and overruled. (2) The abstract of record makes no mention of an entry of record showing the filing of defendants' objections to the report and finding of the referee, and for that reason such exceptions are not properly before this court for consideration. To incorporate them in what is designated the bill of exceptions will not supply the deficiency in the abstract of record. (3) The court committed no error in overruling defendant's motion to abate and dismiss plaintiff's action, if, indeed, such a motion was filed. Appellants are laboring under a misapprehension of the nature of this action. They assert that an order of the county court must first be had, ordering the institution of this suit, before same can be maintained. Were this a suit to collect a balance found by the county court to be due the county on settlement with the clerk, under the provisions of Secs. 10721 and 10723, R. S. 1909, this proposition would be well founded. This, however, is a very different sort of action. Here it is alleged that defendant, Woods, by a system of false and incorrect re-

ports, kept back various items of fees and failed to make any settlement therefor, and seeks to recover those and only those that were omitted from such reports. State ex rel. v. Henderson, 142 Mo. 598; State ex rel. v. Henderson, 139 Mo. 510; State ex rel. v. Chick, 146 Mo. 645; State ex rel. v. Gideon, 158 Mo. 329. (4) Whatever settlement Woods had with the county court at the close of his term, or at any time prior thereto, included and had reference to such fees only as were reported collected by him. State ex rel. v. Adams, 172 Mo. 1. (5) This suit is not an attack upon a judgment. It was the duty of Woods under the statute to make correct reports of all the fees received by him as clerk, and when he failed he committed a breach of his bond, for which this action will lie. The county court in passing upon the reports of officers in respect to their fee accounts does not act in a judicial capacity, and the quarterly reports which the statute requires officers to make and the county court to examine, have not the binding force of judgments. R. S. 1909, sec. 10721; and authorities, supra. (6) The right of public officers to compensation must be shown by express statutory authority. Sanderson v. Pike County, 195 Mo. 598.

GRAVES, P. J.—For four years, William Woods was clerk of the county court of Wayne county. By law, he was entitled to retain from the fees of his office $1250 per year for his salary, and $900 per year for deputy hire. The present suit is an action upon his bond for fees and moneys collected and not reported in his several settlements with the county court. The delinquency of each year of his term is the subject of a separate count in the petition. The cause was sent to a referee, who in his report made a finding of facts and stated his conclusions of law, and in which he recommended that judgment for the full pen-

alty of the bond go, but to be satisfied upon the payment of $3108.32, the aggregate amount found to be due from said Woods to Wayne county. Judgment was entered in accordance with the report and recommendation of the referee. From this judgment, this appeal was taken and the cause is here for determination. The form of the petition is not attacked and it need not be further mentioned.

By answer, the defendant Woods (1) denies generally the matters pleaded, except that he was clerk of the county court and executed the bond sued upon, and (2) full settlement and acquittance by the county court. In this latter portion of the answer is contained an averment that the county court had directed said Woods to do things which he was not required as clerk to do, and that these matters entered into the settlement made.

The reply by specific allegations put in issue all matters set up in the answer.

Other defendants answered by way of a general denial.

Defendants also claim to have filed a motion to dismiss and abate the action because the county court had made no order of record directing the prosecuting attorney to institute the proceeding.

This sufficiently outlines the case. Other matters of record and evidence can best be stated and discussed along with the points made.

I. In natural order, the motion to dismiss should be first considered.

Plaintiff urges that the record fails to show the filing of this motion, and for that reason it is not here for consideration. This contention is correct. The abstract of the record proper nowhere shows the filing of such a motion. Under the heading, "Bill of Exceptions" we find such a motion, as well as a recital of the action of the court thereon, and defendant's ex-

ceptions to such action of the court. This is insufficient. When such motion was filed, if it was filed, the clerk of the court had to make a record entry of such filing, and this entry should have been abstracted as a part of the record proper. We have universally held that the record proper should show the filing of motions for new trial, motions in arrest of judgment, motions to make more specific, and all similar motions, and if such record, as abstracted, did not show these record facts, such motions were not here for consideration. The motion in question falls within the general class, and the contention of the plaintiff is sustained. [Hill v. Butler County, 195 Mo. 511; Stark v. Zehnder, 204 Mo. 442; Harding v. Bedoll, 202 Mo. 625; Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; St. Charles ex rel. v. Deemar, 174 Mo. 122.]

II. Plaintiff further contends that the abstract of record fails to show that defendants filed any exceptions to the report of the referee. In one sense this is true, and in another it is not true. Going to the abstract of the record proper we find that the entry made by the clerk at the time the exceptions were filed has not been abstracted. But going further into the abstract of the record proper, we find the entry of the judgment in the case, and in that judgment, we find this recital: "Now on this 14th day of February, 1908, this cause coming on to be heard *upon the defendant's exceptions to the referee's report as heretofore filed,* and the court having seen and heard the same and being fully advised in the premises all and singular doth overrule the same."

This recital from the record proper shows that exceptions had been filed. It further shows that the exceptions were considered by the court, and after consideration were overruled. It is true that this record entry does not show that the exceptions were filed

within the fours days' limit prescribed by statute (R. S. 1909, sec. 2012), but as we have held that the circuit court may grant further time in which to file such exceptions, and further held that even though such exceptions be filed out of time, it was not error upon the part of the trial court to refuse to strike them from the files, and not error for the trial court to consider them, although out of time (McPike v. McPike, 111 Mo. 1. c. 222), we are of opinion that the record in this case is sufficient to show the filing of the exceptions. But aside from this phase of the situation it should be said that as the record proper shows the filing of the exceptions and the consideration of them by the court, it will be presumed that they were either filed in the time prescribed by the statute, or within such time as may have been given by the court. This upon the theory that courts are presumed to proceed rightfully rather than wrongfully. However, with reference to the action of the court upon these exceptions there is a serious question presented, which question we take next.

III. When a case has been referred, the hearing before the court is upon the report of the referee, and the exceptions filed thereto. These exceptions must specifically point out the rulings which are challenged. [Smith v. Haley, 41 Mo. App. 611.] If they do not inform the court in what respect the report of the referee was not warranted by the law or the evidence, they will be disregarded. [Wiggins Ferry Co. v. Railroad, 73 Mo. 1. c. 419; Singer Mfg. Co. v. Givens, 35 Mo. App. 602; Dallas v. Brown, 60 Mo. App. 493; Cahill v. McCornish, 74 Mo. App. 609.] And if no exception be saved to the ruling of the court upon these written exceptions to the referee's report they are not here for review. [Wentzville Tobacco Co. v. Walker, 123 Mo. 1. c. 671, 672.]

In the above case, it is said: "Those exceptions were in writing as required by section 2154 (R. S. 1889), and partook of the nature of a pleading or motion in the cause."

The Walker case, supra, refers to State ex rel. v. Burkhartt, 83 Mo. 430. In the Burkhartt cases exceptions were filed and overruled, and presumably exceptions taken to the action of the court in so overruling such exceptions. But counsel failed to file a motion for a new trial calling the trial court's attention to its alleged error in this respect. In discussing that situation of the case, this court said: "The errors complained of are such as must be preserved by bill of exceptions. These are duly preserved in the bill of exceptions, but there is nothing in the bill of exceptions to show that a motion for new trial was filed or overruled by the court, nor is there any such a motion found in the transcript. Before this court can review the alleged errors, the attention of the trial court must be called thereto by a motion for new trial, and that and the ruling thereon must be incorporated in the bill of exceptions. [State v. Marshall, 36 Mo. 400; Long v. Towl, 41 Mo. 398; Collins v. Saunders, 46 Mo. 389; and Rotchford v. Creamer, 65 Mo. 49.] The judgment of the circuit court in each of these cases is affirmed."

We have gone thus far in outlining the law to the end that we might discuss the serious point in this record. The bill of exceptions in this case preserves the exceptions and the ruling thereon. It shows that the defendants excepted to the ruling upon their exceptions. We also find a motion for new trial properly preserved, and an exception to the action of the court in its ruling thereon. The trouble, however, lies in the motion itself. This motion nowhere charges the court with error in overruling the exceptions to the report of the referee. It contains some eight grounds, but not one of them mentions the action of the court

upon defendants' exceptions to the report of the referee. The nearest to such a question is the second ground, which reads: "Because the court erred in approving the report of the referee filed in said cause and rendering judgment in accordance with the report of said referee."

Nowhere is it charged in the motion that the court erred in overruling defendants' exceptions to the referee's report. What we have quoted from the motion for new trial, could as well have appeared in a motion for new trial where no exceptions had been filed, as in a case where exceptions had been filed. Yet, if no exceptions had been filed, the motion would be unavailing. The question therefore is, can we consider the exceptions to the referee's report, where the motion for new trial fails to assign the overruling of such exceptions as error. We think not. When we consider that in referee cases the cause is heard *nisi* upon the report and the exceptions filed thereto, and further consider that the litigant must not only except to the action of the trial court in overruling his exceptions to the referee's report, but must further by his motion for new trial, call the court's attention to the alleged error in overruling such exception, it is clear that there is nothing for review in this case, except the record proper, and this is without error.

In filing their motion for new trial counsel seem to have overlooked the fact that the trial in the court, *nisi*, was on the report and the exceptions thereto. In reference cases the referee is required to make and report his rulings both on the evidence and the law, and the errors which he makes are called to the attention of the trial court by specific exceptions to be filed within four days. The errors of the trial court are called to the attention of this court through his ruling upon these exceptions. To get a ruling from this court upon the action of the trial court it is necessary, (1) to preserve an exception to the action of the trial

court in overruling or sustaining exceptions, (2) the motion for new trial must charge such act of overruling the exceptions to be error, and thus call the trial court's attention to the error, and (3) this motion and the ruling thereon and exceptions to the ruling must be properly preserved in a proper bill of exceptions. The record before us falls short of the rule. There being nothing but the record proper for review, and that being sufficient upon its face, the judgment should be and is affirmed. All concur, except *Valliant*, *J.*, absent.