# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1912.

JEAN ANDERSON et al. v. GEORGE W. CALD-
WELL et al., Appellants.

Division Two, April 9, 1912.

1. **REFERENCE: Weight of Evidence: Appellate Practice.** The
weight of the evidence in a law case, referred to a referee,
is for the referee and the trial court, and not for the appel-
late court, where there is a conflict in the testimony.

2. ————: **Exception to Referee's Report: General Objection to
Admission of Evidence.** The rule as to the saving of ex-
ceptions to the ruling of the referee upon the admission of
testimony requires that the exception shall point out directly
and specifically the testimony objected to. A general objection
that the referee admitted incompetent and illegal testimony
is not sufficient. So that the court on appeal will not consider
an assignment that "the referee erred in admitting, over de-
fendant's objection, certain books of account which were not
original entries, but were aggregates entered at a later date
from other memoranda," where the only exception to the
referee's report at all relating to the matter was that "the
referee admitted, over the objection of these defendants,
illegal, irrevelant and incompetent evidence offered by plain-
tiffs."

3. **QUANTUM MERUIT: Assumpsit: Quasi-Contract.** Under the
common law an assumpsit could be maintained upon a state

of facts from which a contract could be implied. It was not essential that there was a contract in fact in the sense that the parties had entered into an agreement, either express or implied; all that was necessary was that defendant had received benefits which imposed upon him a duty to plaintiff, so that upon equitable grounds a promise was implied by the law that the defendant should respond to the extent of the benefits received. Such a relation between the parties was denominated a quasi-contract, and in a suit based thereon the benefits received by defendant, and not the detriment incurred by plaintiff, was the basis of defendant's liability, and hence it was incumbent upon plaintiff to prove actual benefits received by defendant.

4. ———: ———: ———: Implied Contract: Material Furnished for House. But a suit for the value of materials and labor employed in the construction of a building, furnished by plaintiffs at the instance and request of defendants, is not a suit on a quasi-contract, but upon a contract implied in law, and as defendants received the benefits there was an implied agreement that they would pay the reasonable price and value thereof. Assumpsit will lie whenever work has been done, or work and materials have been furnished by the plaintiff for defendant at his request, express or implied, and the standard of plaintiff's recovery is the reasonable value of the materials furnished and the labor done.

5. REFERENCE: No Exceptions. If no exceptions were saved to the action of the court in overruling defendant's exceptions to the referee's report, no matter of exception arising out of the action for the referee is open for review on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. W. M. Kinsey,* Judge.


AFFIRMED.


*Wilfley, Wilfley, McIntyre & Nardin* for appellants.

(1) The evidence admitted as to the value of the services of the staff work was incompetent. Books of account are admissible only when they contain original entries made in the due course of business at or near the time the transaction took place. Aggregates entered at a considerably later time than at

which the transaction took place are inadmissible. Milling Co. v. Walsh, 108 Mo. 277; Drug Co. v. Grady, 57 Mo. App. 41; Owen v. Bray, 80 Mo. App. 526; Stephen v. Metzger, 95 Mo. App. 620; Robinson v. Smith, 111 Mo. 205; R. S. 1909, sec. 6355; Wigmore on Evidence, par. 1555. (2) It is well settled law that the action of *quantum meruit* will not lie except against one from whom will be implied a promise to pay. Mansur v. Murphy, 49 Mo. App. 266; Skeen v. Johnson, 55 Mo. 25. (3) Two things are necessary to support general assumpsit on quasi-contract—some performance or contribution by the promisee, and actual benefits received by the promisor. Martin on Civil Procedure, sec. 54; Keener on Quasi-Contracts, p. 252. (4) Whenever service is rendered and received, a contract of hiring or an obligation to pay will be presumed. Where an act done is beneficial, the subsequent assent of the beneficiary will be sufficient to support a finding of a previous request. Knowledge and acquiescence are sufficient to establish a previous request. Smith v. Meyers, 19 Mo. 434; Dougherty v. Whitehead, 31 Mo. 255; Wagner v. Illum. Co., 141 Mo. App. 51. (5) Since, in quasi-contracts, the benefit received by the defendant and not the detriment incurred by the plaintiff, forms the basis of the defendant's liablity, a plaintiff cannot recover from a defendant unless it be shown that the defendant has received some benefit from the performance by the plaintiff. Medlin v. Brooks, 9 Mo. 106; Keener on Quasi-Contracts, p. 253; Zach v. French, 69 Me. 389; 11 Am. Digest, par. 131; Patterson v. Prior, 18 Ind. 440; McClay v. Hedge, 18 Pa. 66; Wendt v. Vogel, 87 Wis. 462.

*T. J. Rowe, T. J. Rowe, Jr.*, and *Henry Rowe* for respondents.

Exceptions to the report of the referee that at the hearing before the referee, the referee admitted

over the objection of defendants, illegal, irrelevant and incompetent evidence offered by the plaintiff, does not inform the court what particular illegal, irrelevant and incompetent evidence was offered by the plaintiffs and admitted by the referee. It is necessary that these matters should be specially pointed out, and not having been done, the exceptions must be disregarded. Ferry Co. v. Railroad, 73 Mo. 419; Smith v. Haley, 41 Mo. App. 611; Buxton v. Debrecht, 95 Mo. App. 604; Mfg. Co. v. Gibbons, 35 Mo. App. 602; Dalles v. Brown, 60 Mo. App. 493; Swift Co. v. McCormick, 84 Mo. App. 609; State ex rel. v. Boeppler, 63 Mo. App. 151.

KENNISH, J.—This action was brought in the circuit court of the city of St. Louis, to recover the value of materials furnished and labor done by the plaintiffs at the instance and request of the defendants and used in the construction of certain buildings on the World's Fair Grounds in said city, in the year 1904. Plaintiffs were partners, engaged in the business of furnishing the materials and doing the labor in certain kinds of construction work on the buildings then in course of erection at the said fair grounds. The defendant Irish Exhibit Company was a corporation and owned and conducted the Irish Village exhibit at the said fair. The defendants Hendley and Casey were owners of stock and managers of said corporation. The defendants Caldwell & Drake were contractors and erected the buildings of the said Irish Village, under contract with the said Irish Exhibit Company.

The petition alleged that the plaintiffs, at the special instance and request of the defendants, furnished materials and paid for the labor done, as per account filed, of the value and price of $12,044; that the prices so charged were reasonable and that the defendants promised and agreed to pay for the same, but, though

often requested, have failed and refused, etc. Judgment was prayed for the sum of $12,044. The itemized account filed contained a large number of items, and after the issues were made the court appointed Joseph W. Jamison, Esq., as referee to try all the issues and report his findings to the court. The referee heard much testimony and filed his report, finding in favor of the defendants Irish Exhibit Company, Handley and Casey, but in favor of plaintiffs and against defendants Caldwell & Drake in the sum of $8100.95. Defendants Caldwell & Drake filed exceptions to the report which, upon a hearing by the court, were overruled, the report confirmed and judgment entered accordingly. Defendants Caldwell & Drake appealed to this court.

There was testimony tending to prove the following facts:

Appellants had entered into a written contract with the Irish Exhibit Company by which they were to "furnish all labor and material of every kind necessary for the construction and completion of your buildings and improvements of whatsoever kind, to be erected on the Pike, World's Fair Grounds, St. Louis, Missouri, for ten per cent of the total cost of the same, you to pay all bills for labor and material." Respondents entered into two separate contracts in writing with appellants for the furnishing of material and labor on the buildings described therein. Those contracts were performed and respondents were paid by appellants in accordance with the terms thereof. During the performance of said two contracts certain buildings and improvements not contemplated in the original contract between appellants and the Irish Exhibit Company, called extras, were agreed upon, and the work and labor sued for in this action were furnished by respondents to appellants in the construction of this additional work, without any written contract therefor, but upon the request and orders

of appellants. It was in evidence that the Irish Exhibit Company sustained no contractual relations whatever with plaintiffs concerning the furnishing of the material and labor involved in this suit. There was also testimony to the contrary, but as the weight of the evidence was a question for the referee and the trial court and not for this court, such conflict of testimony will not be considered.

I. Complaint is made by appellants that the referee erred in admitting, over defendants' objection, certain books of account which were not original entries, but were aggregates entered at a later date from other memoranda. The only exception to the report, under which this alleged error was saved, if at all, is the eighth, to-wit: ''Because in the hearing before the referee said referee admitted, over the objection of these defendants, illegal, irrelevant and incompetent evidence offered by plaintiffs.'' The rule as to the saving of exceptions to the ruling of the referee in the admission of testimony, requires that the exception shall point out directly and specifically the evidence objected to. A general objection that the referee admitted incompetent and illegal testimony is not sufficient. In the case of Smith v. Haley, 41 Mo. App. 611, the court held, as stated in the syllabus: ''In order that a party to a cause which has been tried before a referee may demand a review of rulings of the referee on the admission or exclusion of evidence he must, in the exceptions filed by him under the statute on the filing of the referee's report, specifically point out the rulings of which he complains. A general exception by defendants that 'the referee admitted illegal and improper evidence for the plaintiff, and excluded legal and proper evidence for the defendants,' is insufficient.'' [See, also, Wiggins Ferry Co. v. Railroad, 73 Mo. l. c. 419; State ex rel. v. Woods, 234 Mo. l. c. 24.]

II.   The main ground of appellants' complaint in this court is that as the materials were not furnished or the work done under a special contract, and as the form of the action was *quantum meruit,* it was incumbent upon the plaintiffs to prove actual benefits received by the appellants, and that having failed to prove such benefits plaintiffs were not entitled to recover.   The point is stated in appellants' brief as follows:  ''Since, in quasi-contracts, the benefits received by the defendant and not the detriment incurred by the plaintiff, forms the basis of the defendant's liability, a plaintiff cannot recover from a defendant unless it be shown that the defendant has received some benefit from the performance by the plaintiff.''

Under the common law system of pleading, one form of civil action was assumpsit.   In that form an action could be maintained upon a state of facts from which a contract would be implied by law.   It was not essential that there was in fact a contract in the sense that the parties had entered into an agreement, either express or implied, as to the subject-matter of plaintiff's cause of action.   All that was necessary was that defendant had received benefits which imposed upon him a duty to the plaintiff, so that upon equitable grounds a promise was implied by law that the defendant should respond to the extent of the benefits received.   Such a relation between the parties, because of the promise which had not been made in fact, but which the law implied, has been termed a quasi-contract.   An example of such contracts given in the books is the relation subsisting between two persons when one has paid money to the other through mistake.   In such case the law will imply a promise by the latter to pay to the former the amount of money so received.

Appellants contend that this was the character of contract counted upon in the petition in this case. Even if such contention were sound, it is difficult to

see how appellants could escape liability thereunder, in view of the undisputed evidence that the materials were received by them and that the work was done for them. But we think appellants are mistaken in classifying the contract stated in the petition and shown in evidence as a quasi-contract. Appellants cite Keener on Quasi-Contracts and Martin on Civil Procedure at Common Law, in support of their contention. An examination of those authorities, which are in accord with the general law upon the subject, will disclose that such contracts as shown by the facts of this case are termed "contracts implied in fact," as distinguished from a quasi-contract, which it is said "is not a contract at all," but which, because of the relation of the parties, "is commonly called a contract implied in law." [See Keener, supra, p. 6, *et seq.*] Under the testimony in this case, plaintiffs, in the ordinary course of business, furnished the materials and labor at the instance and request of the appellants and not at the instance and request of the Irish Exhibit Company. The appellants received the benefits, and there was an implied agreement that they should pay the reasonable price and value thereof. Discussing the law of assumpsit, under the caption of work, Labor and Materials, in 2 Ency. Pleading and Practice, 1008, the author says: "This count will lie wherever work has been done, or work and materials have been furnished by the plaintiff for the defendant at his request, express or implied, which should be alleged in the declaration." In support of the doctrine quoted, two Missouri cases are cited, to-wit: Williams v. Railroad, 112 Mo. 463; Thomas v. Walnut Land, etc. Co., 43 Mo. App. 653. In the Thomas case, l. c. 658, the court states the law applicable to the two classes of contracts in the following language, namely: "If defendant's managing officers directed, or requested, the plaintiff Thomas to dig the coal pit and strip the said coal beds, without anything said as to

the price to be paid, and if plaintiff proceeded in the prosecution of such work and performed the same, then it is clear he was entitled to be compensated by the reasonable value of such work and labor done, not exceeding the amount claimed in the petition. And again, even though the request to do the work may have not been satisfactorily shown, yet if the plaintiff in good faith, and with full knowledge on the part of the defendant or its officers in charge, did the stripping and the opening of the coal pit, and if then said company took possession of the coal thus mined and converted to its own use the fruits of plaintiff's labor, it is equally clear that defendant is liable upon a *quantum meruit* to the extent of the benefit received. [1 Chitty on Cont., 91 *et seq;* Lowe v. Sinklear, 27 Mo. 308; Hay v. Walker, 65 Mo. 17.]''

After having fully considered appellants' complaint, we are satisfied that the finding of the referee is supported by the law and the evidence.

III. We have examined the entire record herein, including the bill of exceptions, although no exception was saved to the action of the court in overruling the exceptions to the referee's report. In the absence of such an exception, no matter of exception arising out of the action of the referee is open for review on appeal. [State ex rel. v. Woods, 234 Mo. 16; Wentzville Tobacco Co. v. Walker, 123 Mo. 652; Arkansas Land Co. v. Ladd, 103 Mo. App. 83.] In State ex rel. v. Woods, supra, l. c. 24, this court said: ''And if no exception be saved to the ruling of the court upon these written exceptions to the referee's report they are not here for review.''

For the reasons stated the judgment is affirmed. *Ferriss, P. J.,* and *Brown, J.,* concur.